**Ronald ABRAMS, individually and as a Trustee of the Ronald Abrams Profit Sharing Plan, Plaintiff,**

**v.**

**DEAN WITTER REYNOLDS INC. and Norwood P. Hallowell, III, Defendants.**

**No. Civ.A. 98-3988.**

United States District Court,
E.D. Pennsylvania.

Aug. 6, 1999.

Margaret Sherry Lurio, Lurio & Associates, Philadelphia, PA, for Plaintiffs.

Jerome R. Richter, Blank Rome Comisky & McCauley LLP, Philadelphia, Pa, for Defendants.

***MEMORANDUM—ORDER***

LOWELL A. REED, Jr., Senior District Judge.

**AND NOW,** this 6th day of August, 1999, upon consideration of the motion of defendants Dean Witter Reynolds Inc. ("Dean Witter") and Norwood P. Hallowell, III ("Hallowell") to dismiss the plaintiff's First Amended Complaint (Document No. 10), the response of plaintiff Ronald B. Abrams ("Abrams"), individually and as a Trustee of the Ronald Abrams

Profit Sharing Plan ("the Plan") (Document No. 11), and the reply of the defendants (Document No. 12), having found and concluded that:

1. Abrams filed his original complaint on July 30, 1998. The defendants filed a motion to dismiss the original complaint on September 28, 1998, asserting that Abrams did not allege the necessary facts to establish that (a) the defendants were fiduciaries under the Employee Retirement Income Security Act ("ERISA"), (b) the defendants breached their fiduciary duties, and (c) a causal connection existed between the alleged breach and Abrams' loss. By Memorandum–Order dated March 11, 1999, the Court granted defendants' motion to dismiss but permitted the plaintiff to file an amended complaint to allege that the defendants breached their fiduciary duty to Abrams arising from their rendering of investment advice in their actions regarding a loan from the Plan and its repayment.
2. The plaintiff filed the First Amended Complaint on March 18, 1999. (Document No. 9). The defendants assert that the First Amended Complaint fails to correct the deficiencies in the original complaint and request that this Court dismiss the plaintiff's First Amended Complaint with prejudice.
3. Abrams alleges the following in his First Amended Complaint. Abrams consulted with the defendants about establishing a profit sharing pension plan shortly after starting his law practice in 1974. (Amended Complaint ¶ 13). Once the Plan was established, Dean Witter acted as the custodian and broker in connection with the Plan. (Amended Complaint ¶ 18). The defendants provided investment advice for the Plan and made recommendations as to the advisability of investing in, purchasing, and selling securities and other property. (Amended Complaint ¶¶ 18–19, 23). In September of 1992, upon seeking advice from Hallowell, the account executive assigned by Dean Witter to Abrams and the Plan, Abrams borrowed $40,000 from the Plan on the condition that he repay the monies within sixty days. (Amended Complaint ¶¶ 15, 24–26). The plaintiff contends that Hallowell and Dean Witter not only recommended that particular securities be sold in order for the loan to be made, but directed the sale of the securities in the Plan's portfolio in order to raise cash for the loan. (Amended Complaint ¶¶ 30–31). On November 3, 1992, Hallowell instructed Abrams to open a new IRA rollover account ("IRA") and to repay the monies into that account, which Abrams did on November 11, 1992. (Amended Complaint ¶¶ 34–37). Once Abrams repaid the monies into the IRA, Hallowell and Dean Witter recommended the specific securities to be purchased with the deposited money and then reinvested the funds. (Amended Complaint ¶¶ 38–39). The plaintiff asserts that Dean Witter and Hallowell's advice, instructions, and actions, with regard to the $40,000 loan, liquidation of the Plan's securities to be sold and purchased, and reinvestment of the funds returned by Abrams to the separate rollover IRA ("the loan and repayment arrangement"), were within the scope of defendants' fiduciary relationship with the plaintiff under ERISA. (Amended Complaint ¶ 42). The IRS subsequently audited the Plan and made a tax assessment against Abrams because the repayment of monies into the IRA rollover account was improper. (Amended Complaint ¶ 46). Abrams incurred financial damages as a result of the tax assessment. (Amended Complaint ¶¶ 47–51). Abrams alleges that the defendants erroneously advised him regarding the loan and repayment. (Amended Complaint ¶¶ 27, 41). Abrams filed a complaint in this Court, alleging vari-

ous claims and purported to bring suit in both his individual capacity and as a trustee of the Plan. (Amended Complaint ¶ 3).

4. The defendants' first attack on Abrams' First Amended Complaint is that Abrams again fails to sufficiently plead that defendants were fiduciaries under ERISA. Second, the defendants assert that even if they were found to be fiduciaries, they did not breach their fiduciary duty. Third, the defendants contend that the First Amended Complaint does not establish that the defendants' alleged provision of investment advice caused the plaintiff to sustain adverse tax consequences.

5. In deciding a motion to dismiss under Rule 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). A complaint should be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishin v. King & Spaulding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

6. The Court has already concluded that Abrams has sufficiently alleged that the defendants provided investment advice for a fee to the Plan so as to impose a fiduciary duty on them under ERISA. (See March 11, 1999 Memorandum–Order at ¶ 5). The question that remains to be answered is whether the defendants' rendering of advice pertaining to the loan and repayment arrangement falls within the scope of their fiduciary duty under ERISA. The plaintiff in the First Amended Complaint alleged that the loan and repayment arrangement was within the scope of defendants' fiduciary relationship with the plaintiff under ERISA. (Amended Complaint ¶ 42). The defendants contend, however, that they were not acting as fiduciaries with respect to the advice regarding the permissibility of the loan and repayment arrangement.

7. Under Section 3(21)(A) of ERISA, a person is a fiduciary "with respect to a plan to the extent ... he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so,...." 29 U.S.C. § 1002(21)(A). The regulations issued by the Department of Labor ("DOL"), which clarify the term "render[ ] investment advice," state that a person is "deemed to be rendering 'investment advice' to an employee benefit plan, within the meaning of Section 3(2)(A)(ii) of [ERISA]" only if,

(i) Such person renders advice to the plan as to the value of securities or other property, or makes recommendations as to the advisability of investing in, purchasing, or selling securities or other property; and

(ii) Such person either directly or indirectly (e.g., through or together with any affiliate)—

(A) Has discretionary authority or control, whether or not pursuant to agreement, arrangement or understanding, with respect to purchasing or selling securities or other property for the plan; or

(B) Renders any advice [described above] on a regular basis to the plan pursuant to a mutual agreement or understanding, written or otherwise, between such person and the plan or a fiduciary with respect to the plan, that such services will serve as a primary basis for investment decisions with respect to plan assets, and that such person will render individualized investment advice to the plan based on the particular needs of the plan regarding such matters as, among other things, investment policies or strategy, overall portfolio composition,

or diversification of plan investments.

29 C.F.R. § 2510.3–21(c)(i). The language of this subsection is precise and restricts the defendants' rendering of investment advice as stated in the aforementioned text. As the allegations in the First Amended Complaint reveal, the defendants' advice pertaining to the $40,000 loan involved two distinct issues (1) the permissibility of such a loan under the Tax Code and the Plan documents; and (2) which securities should be sold to generate the cash for the loan. Under ERISA and DOL regulations, the defendants were acting as fiduciaries only with respect to issue (2), the investment advice they were providing to the plaintiff as to which securities should be sold to generate cash for the loan; the plaintiff did not allege that the defendants breached their fiduciary duty in selecting which securities to buy or sell. I therefore conclude that it is clear that Abrams has not stated a claim upon which relief may be granted and that the defendants did not owe him a fiduciary duty with respect to the propriety of the loan under the Tax Code and the Plan or the possible income tax consequences of setting up an IRA and repayment of the loan to the IRA. Nor has Abrams alleged that the defendants breached their fiduciary duty in rendering *investment* advice.

8. Having found that the plaintiff has not stated a claim that the defendants breached their fiduciary duty as defined in ERISA, the Court concludes that it is unnecessary to address the issues of causal connection and standing raised by the defendants;

accordingly, it is hereby **ORDERED** that the defendants' motion to dismiss the plaintiff's First Amended complaint is **GRANTED.** This is a final Order.